UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMAINE L. JONES, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 20-cv-4117-JBM |
| | ) |
| ROCK ISLAND COUNTY POLICE OFFICERS, | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, currently incarcerated at the Lawrence Correctional Center ("Lawrence"), proceeds *pro se*, under 42 U.S.C. § 1983, alleging that he had been falsely arrested in violation of the Fourth Amendment. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On November 11, 2018, Plaintiff was stopped by Rock Island County Officer Ramirez who claimed to have followed Plaintiff and to have seen him make three illegal turns. Plaintiff disputes this, asserting that Defendant Ramirez's dash cam video showed that Defendant had not been driving behind him and could not have observed the alleged traffic violations.

Plaintiff asserts that Defendant told Officer Miles that he did not smell anything on Plaintiff, but subsequently claimed to have smelled cannabis and searched Plaintiff's vehicle, finding weapons and crack cocaine. Plaintiff was arrested and charged with armed violence. He claims the charges were dismissed on February 14, 2019, after review of Defendant Ramirez's bodycam footage. Plaintiff asserts that there was no probable cause for his arrest and that he was wrongfully imprisoned from November 9, 2018 to December 17, 2018. Plaintiff does not reveal the reason for his current incarceration at Lawrence or indicate whether it stems from a conviction on other charges brought on November 11, 2018.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 917 (2017). "It is axiomatic that '[a] warrantless arrest ... must be supported by probable cause.'" *United States v. Sholola*, 124 F.3d 803, 814 (7th Cir. 1997)(internal citations omitted). "In order to make an arrest without a warrant, the police must have probable cause, under the *totality of the circumstances*, to reasonably believe that a particular individual has committed a crime.... While probable cause requires more than mere suspicion, *we do not require it to reach the level of virtual certainty.*" *Id.* at 814 (emphasis in original). Here, Plaintiff does not reveal whether there were judicial findings of probable cause for the initial stop or the subsequent search of the vehicle.

If probable cause had been found, Plaintiff may not proceed on a Fourth Amendment claim for false arrest. *See Sroga v. Weiglen,* 649 F.3d 604, 608 (7th Cir. 2011) (existence of probable cause will defeat a Fourth Amendment false arrest claim); *Fernandez v. Perez,* 937 F.2d 368, 370 (7th Cir.1991) ("the existence of probable cause for an arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment or malicious prosecution.") (Internal citation omitted).

Plaintiff has not provided sufficient information for the Court to determine whether he has successfully pled a claim for false arrest, and he will be given an opportunity to replead. If Plaintiff repleads, he is to indicate whether there was a state court probable cause hearing and the court's findings. If the state court proceedings have not yet been resolved, Plaintiff is to reveal this also as the Court would be required to stay the proceedings under *Younger v. Harris*, 401 U.S. 37, 54 (1971). "As a rule, a federal court shall not intervene in a pending state criminal prosecution." *Williams v. Farris*, 2013 WL 1729379, * 2 (S.D. Ill. Apr. 22, 2013).

Plaintiff identifies "Officers" in the caption but only pleads against Defendant Ramirez. While Plaintiff mentions Officer Miles, he pleads no claim against him. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *Jones v. Butler,* No. 14-00846, 2014 WL 3734482 *2 (S.D. Ill. July 29, 2014) citing *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). The caption will be amended to identify Officer Ramirez as the sole Defendant.

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading and is to comply with the Court's instructions. Failure to file an amended complaint will result in the dismissal of this case, without

prejudice, for failure to state a claim. The caption is to be amended to identify Defendant Ramirez as the sole Defendant.

2. Plaintiff files [6] and [7], motions for recruitment of *pro bono* counsel. Plaintiff provides copies of two letters he ostensibly sent to prospective counsel, neither of which contains the address of the attorney's offices or any reply from them. [6] and [7] are DENIED as Plaintiff does not document a good faith effort to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). In the event that Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.

3. Plaintiff's Motions for Status [10], [12] and [14], are rendered MOOT by this order.

\_10/29/2020\_  
ENTERED

s/Joe Billy McDade  
JOE BILLY McDADE  
UNITED STATES DISTRICT JUDGE